*571 BERNICE BOUIE DONALD, Circuit Judge,
dissenting.
The main issue at the district court— and the one that determines the fate of Anarion’s claims on appeal — is whether Anarion, as a limited liability company, has standing to sue as a protected “person” under the FDCPA. After thorough consideration, the district court determined that Anarion does not. Because I agree that legal entities do not qualify as protected persons entitled to remedy under the FDCPA, I respectfully dissent.
It is true that the Dictionary Act establishes a presumption that, unless Congress indicates otherwise, the word “person” refers to individuals and legal entities alike when used in legislative text. Burwell v. Hobby Lobby Stores, Inc., — U.S. -, 134 S.Ct. 2751, 2768, 189 L.Ed.2d 675 (2014); 1 U.S.C. § 1. Because the FDCPA does not contain an explicit definition limiting the meaning of “person” to “natural persons,” Anarion argues that the Dictionary Act presumption entitles it to protection under the FDCPA. This is the rationale the majority adopts, and were it applied in another context to a different statute, I agree that our inquiry would properly end there.
However, several factors suggest that Congress did “indicate otherwise,” ie., that the word “person” is best thought of as a natural person when referring to plaintiffs under the FDCPA. First, the Supreme Court has made clear that congressional history properly guides our -application of the Dictionary Act to interpret a term otherwise undefined in a statutory text. Rowland v. Cal. Men’s Colony, Unit II Men’s Advisory Council, 506 U.S. 194, 198-201, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (observing relevant congressional history lacked any indication Congress contemplated the term “person” to include legal entities with regards to 28 U.S.C. § 1915). We must therefore view § 1692k’s use of the word “person” in light of the FDCPA’s stated purpose and history. Second, as the majority emphasizes, the keystone of statutory interpretation is the language of the statute itself. POM Wonderful LLC v. Coca-Cola Co., — U.S. -, 134 S.Ct. 2228, 2236, 189 L.Ed.2d 141 (2014). Here, the language favors an interpretation of “person” in 1692k as “natural person” and not a legal entity. Finally, the majority’s conclusion and judgment run contrary to existing jurisprudence regarding the Dictionary Act and the FDCPA.
When Congress passed the FDCPA in 1977, it did so out of concern that existing laws did not adequately protect consumers from aggressive third-party debt collectors. 15 U.S.C. § 1692(b). The. Act, it explained, was necessary to promote more consistent state action to shield consumers from personal ruin.[1] Id. § 1692(e). Specifically, Congress intended the law to combat “abusive debt collection practices” because such practices lead to “personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.” Id. § 1692(a). Thus, the FDCPA reflects in its opening lines an intent to protect natural persons, not legal entities. It protects not against all bankruptcies, but personal ones, and aims to prevent marital instability, job loss, and invasions of individual privacy — all maladies unique to natural persons and inapplicable to legal entities. As noted by the district court, this interpretation of the FDCPA’s goals is supported by a contemporaneous Senate Report that discusses *572 the impact of abusive debt collection practices on individuals. See S.Rep. No. 95-382, at 2 (1977), 1977 U.S.C.C.A.N. 1695. The report specifies that the law was intended to apply “only to debts contracted by consumers for personal, family, or household purposes; [not] to the collection of commercial accounts,” and goes on to discuss several examples of abusive collection practices that primarily impact natural persons.[2] Id. at 3. Thus, the stated purpose of the law and its supporting documentation clearly indicate that the FDCPA is designed to protect individual consumers, not legal entities.
The language of the Act reflects this congressional purpose, particularly in light of the three main actors involved in a consumer debt collection scenario: a creditor, a debt collector employed by that creditor, and a debtor. The majority compares uses of the word “person” across these categories as an indication Congress intended to include legal entities in all three postures. However, the Act is most consistent when one considers debtors to be natural persons facing creditors and debt collectors of all stripes — from individuals to banks and other companies. This reading is reflected throughout the statutory text, including those sections cited by Anarion and the majority.
The enforcement provision of the FDCPA makes liable “any debt collector who fails to comply with any provision of [the statute] with respect to any person[.]” 15 U.S.C. § 1692k. The term “person” is not expressly defined within the FDCPA, so the majority rightfully looks to the Dictionary Act’s mandate that, “unless the context indicates otherwise ... the word[ ] ‘person’ .... include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals^]” 1 U.S.C. § 1. But the Supreme Court has explained that the classic instance in which “context indicates otherwise” under the Dictionary Act is one “where Congress provides no particular definition, but the definition in 1 U.S.C. § 1 seems not to fit.” Rowland, 506 U.S. at 200,113 S.Ct. 716.
In Rowland, an association of prison inmates sought to proceed in forma pau-peris under 28 U.S.C. § 1915(a) in a lawsuit against the prison. Id. at 196, 113 S.Ct. 716. The statutory text of § 1915(a) provides that a court may authorize court proceedings without prepayment by a “person” who is unable to pay the fees. 28 U.S.C. § 1915(a). The question in Rowland was whether the definition of a “person” under § 1915(a) included legal entities, like the association, or whether it was limited to natural persons. The Supreme Court held that Congress had intended the benefits of § 1915 to apply only to natural persons, and declined to extend in-forma-pauperis status to the association. Rowland, 506 U.S. at 196, 113 S.Ct. 716. The fact that the statute contained no explicit definition limiting “persons” to natural persons was not dispositive: “The Dictionary Act’s very reference to contextual ‘indication’ bespeaks something more than an express contrary definition[.] ... A contrary ‘indication’ may raise a specter short of inanity, and with something less than syllogistic force.” Id. at 200-01, 113 S.Ct. 716.
Nor did the Rowland Court require a broad interpretation of the term “person” *573 where that interpretation was feasible under some of the law’s provisions. The Court instead analyzed the terms in the context of § 1915’s key provisions, where use of the word “person” suggests a congressional intent to limit the statute’s benefits to natural persons. See id. at 201-09, 113 S.Ct. 716. This analysis does not address every possible definition that could be afforded the word “person” under § 1915, but rather that which seems most likely given the background of related law and the natural consequences of interpreting “person” to include legal entities. Id.
In this context, Congress began by clearly identifying the group it intends to benefit from the FDCPA. Several of the FDCPA’s provisions indicate it is designed to protect against harm to natural persons, whether that harm is caused by natural persons or legal entities. With that in mind, we must look beyond the default definition of “person” to the broader aim of the statute. Indeed, even in an instance where the default definition prevailed, we held application of the Dictionary Act was appropriate not merely because it “comport[ed] with our common understanding,” but because it also “le[d] to a result that [wa]s consistent with the purpose of the FDCPA.” Gillie v. Law Office of Eric A. Jones, LLC, 785 F.3d 1091, 1098 (6th Cir.2015) (emphasis added).
There are several instances within the FDCPA in which interpreting “person” to include legal entities “seems not to fit.” Rowland, 506 U.S. at 200, 113 S.Ct. 716. Beginning with the specific provision in question, § 1692k, we find that its four uses of the word “person” universally refer to a debtor entitled to protection under the FDCPA. See 15 U.S.C. § 1692k(a), (a)(1), and (b)(2). Anyone in another posture, i.e., that of a creditor or debt collector, is referred to by some other term. Id. In another closely related provision, the FDCPA prohibits harassment or abuse by stating that “[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.” Id. § 1692d. The section goes on to prohibit “[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.” Id. § 1692d(l). Section 1692e prohibits false or misleading representations, including those that suggest “nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful!.]” Id. § 1692e(4).
The majority acknowledges that these provisions contain “references [that] apply only to natural persons,” but then goes on to insist we must include legal entities as plaintiffs because, for example, “corporations do have ‘reputation[s]’ and ‘property!.]’ ” Maj. Op. at 570 (second alteration in original). From this, the majority concludes that “[n]either of these provisions ... provides support for the assertion that ‘any person’ as used in the Act means only natural persons.” Id. at 570. However, that a handful of provisions could expansively apply to both natural persons and legal entities is not, under Rowland, a reason to contradict the law’s overall aim. See Rowland, 506 U.S. at 208, 113 S.Ct. 716 (“Thus, recognizing the possibility of an organizational informa pauperis status even in the supposedly ‘extreme’ case of the [association] would force us to delve into the difficult issues of policy and administration without any guidance from § 1915.”). The majority’s analysis might apply as regards the provisions it highlights, but its analysis also supports a more context-appropriate interpretation: that the FDCPA aims to protect natural *574 persons from debtors and debt collectors of all kinds — individuals and corporations.
The existing jurisprudence surrounding the FDCPA echoes this more nuanced interpretation. Despite the thousands of claims that have been brought in federal court since the passage of the FDCPA in 1977, neither the majority nor the parties cite a single instance in which a legal entity has sued as a “person” entitled to relief under the Act. Anarion attempts to combat this stark reality by citing our opinions in Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 649 (6th Cir.1994) (en banc), and Montgomery v. Huntington Bank, 346 F.3d 693, 697 (6th Cir.2003), for the proposition that reference to “any person” in the FDCPA is “couched in the broadest possible language.” Wright, 22 F.3d at 649 (quoting Riveria v. MAB Collections, Inc., 682 F.Supp. 174, 175 (W.D.N.Y.1988)) (internal quotation marks omitted). However, those cases both addressed a question of which natural persons — direct consumers and/or parties related to them — had standing to sue under the FDCPA, not whether non-natural persons had the same rights.
The majority, for its part, dispatches the issue by explaining that “[njothing in our decision today means that Anarion can bring suit under the FDCPA,” because several other requirements must be met to state a claim under the Act. Maj. Op. at 570. However, this seems a cavalier response to a very real concern. That Anar-ion may not have stated a claim does not mean that another legal entity will not follow with a more viable claim' — now enabled by an unprecedented holding that legal entities are “persons” deserving of protection under a statute designed to protect individuals from harassing phone calls or threats of violence. This holding potentially opens the door to a new class of plaintiffs under the FDCPA and effectively provides a new cause of action in foreclosure appeals. Were that my sole ground for concern, I might decide differently. As written, however, the majority’s holding runs counter to the FDCPA’s purpose, language, and history. Accordingly, I respectfully dissent.

. Of note, the FDCPA defines “consumer” as "any natural person obligated or allegedly obligated to pay any debt.” 15 U.S.C. § 1692a(3).

. "Collection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.” S.Rep. No. 95-382, at 2.